944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph F. DONNELLY, deceased, and Therese Donnelly, as
executrix of the estate of Joseph F. Donnelly,
Defendant-Appellant.
 Nos. 90-35698, 91-35366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1991.
Decided Sept. 16, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * Appellant Therese Donnelly appeals the district court's denial of her motions to dismiss for lack of subject matter jurisdiction and lack of an indispensable party. We affirm the district court's denial.
 
 
 3
 In 1950, the Federal Power Commission withdrew certain lands in the Eagle River Valley from the public lands open to entry by homesteaders to provide a location for possible power development projects. Despite the Commission's actions, Joseph Donnelly and his family occupied the lands in that area and applied for a homestead. The application was rejected in 1957 and 1959. However, in 1965 the Donnellys received a patent to 67.5 acres; the federal government refused to patent the remaining 92.5 acres to them.
 
 
 4
 In 1970, the Donnellys received a notice of trespass and were ordered to leave the 92.5 acres. The following year Congress passed the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. § 1601 et seq., which extinguished aboriginal land claims of Alaskan natives in exchange for the right of Native Corporations to select acreages of public lands. See 43 U.S.C. §§ 1603, 1611. In 1974, Eklutna, Inc. selected the 92.5 acres claimed by the Donnellys.
 
 
 5
 In 1975 the government filed a trespass action against the Donnellys, who filed a counterclaim under the Quiet Title Act, 28 U.S.C. § 2409a. The United States patented the land to Eklutna, Inc. in 1979. In January of the following year, the United States' dismissed its trespass claim. As a result, the Donnellys filed a second amended counterclaim which contained claims for relief against Eklutna. Eklutna then filed a counterclaim against the Donnellys for ejectment and damages. The district court eventually dismissed all of the Donnellys' claims. In Donnelly v. United States, 850 F.2d 1313 (9th Cir.1988), cert denied, 488 U.S. 1046 (1989), we affirmed the district court judgment, leaving only Eklutna's counterclaim against the Donnellys.
 
 
 6
 Donnelly filed motions to dismiss Eklutna's claims on the grounds that the district court lacked subject matter jurisdiction over the case and that the action could not proceed without an indispensable party--the United States. Eklutna filed a motion for partial summary judgment. The district court granted Eklutna's motion for partial summary judgment on the ejectment counterclaim and denied Donnelly's motions to dismiss. Subsequently, Eklutna dismissed its damages claim and the district court entered a final judgment.
 
 II
 
 7
 We review for abuse of discretion the district court's decision to retain ancillary jurisdiction. United States v. City of Twin Falls, Idaho, 806 F.2d 862, 868 (9th Cir.1986), cert. denied, 484 U.S. 914 (1987). We also review the district court's determination that the United States is not an indispensable party for abuse of discretion. Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir.1982) (per curiam).
 
 III
 
 8
 Donnelly asserts that the district court abused its discretion in retaining jurisdiction over the case because all federal claims had been dismissed. She claims that the dismissal of the federal claims precluded the district court from adjudicating the ancillary claims. We find Donnelly's assertion unpersuasive. As the district judge noted:
 
 
 9
 It has taken the greater portion of fifteen years for Eklutna to establish its right to the disputed land. Federal issues have predominated throughout the life of this case and still do, for Eklutna's state law counterclaims can be seen as seeking relief that is merely ancillary to the primary legal determinations regarding title.
 
 
 10
 In light of considerations of judicial economy, convenience, and fairness to litigants, see Twin Falls, 806 F.2d at 868, we conclude that the district court did not abuse its discretion in deciding to retain jurisdiction over Eklutna's ancillary claims.
 
 
 11
 Donnelly's contention that the United States is an indispensable party to this action lacks merit. Under Rule 19(a) of the Federal Rules of Civil Procedure, a party must first be deemed "necessary" before it is considered indispensable. Rule 19(a) provides in pertinent part that a party is necessary only "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action...." F.R.Civ.P. 19(a) The United States has disclaimed any interest in the disputed parcel. See Donnelly, 850 F.2d at 1316-17. Moreover, here, unlike in the action brought by Donnelly the party requesting relief is not seeking to undo any prior action or determination of the United States. Accordingly, the United States is not a necessary party and complete relief (Eklutna) can be accorded to the prevailing party in the action between Eklutna and Donnelly.
 
 
 12
 Essentially, appellant argues that the district court abused its discretion in retaining jurisdiction over the ancillary claims because the absence of an indispensable party precluded it from presenting a defense and inevitably led to a judgment against it. However, we find no unfairness in that result. The reason the indispensable party (the United States) was absent was that appellant had permitted the statute of limitations to run as to its quiet title claim against that party. Accordingly, appellant is in no position to argue that its own failure to act in a timely manner somehow prevents the district court from adjudicating Eklutna's counterclaim on the merits.
 
 The judgment of the district court is
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3